UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

ANAYANICOLE KARNLEY JARBIE,

                   Plaintiff,

      -against-

OFFICE OF ATTORNEY GENERAL ERIC H.
HOLDER, U.S. DEPARTMENT OF STATE
JOHN F. KERRY, U.S. DEPARTMENT OF
STATE NATIONAL PASSPORT CENTER, U.S.
SENATOR KRISTEN GILLIBRAND, and
CONGRESSMAN JOSE E. SERRANO,

                  Defendants.

------------------------------------- x

MEMORANDUM DECISION
AND ORDER

15 Civ. 2565 (GBD) (JCF)

GEORGE B. DANIELS, United States District Judge:

*Pro se* Plaintiff Anayanicole Karnley Jarbie ("Plaintiff") brings this action against Defendants former United States Attorney General Eric Holder, United States Secretary of State John F. Kerry ("Secretary Kerry"), the United States Department of State National Passport Center (together with Secretary Kerry, "the Department of State"), United States Senator Kirsten Gillibrand, and Congressman José Serrano[1] requesting judicial review pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, of the Department of State's denial of her 2013 passport application.[2] (*See* Compl., ECF No. 2.)

---

[1] On August 11, 2015, this Court dismissed *sua sponte* Plaintiff's claims against former Attorney General Holder, Senator Gillibrand, and Congressman Serrano for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

[2] To briefly summarize the background, Plaintiff's 2013 application provides her birth name is Nicole Savashia Powell, which she legally changed to Anayanicole Hajj Halematu Karnley-Jarbie. (Report and Recommendation ("Report"), ECF No. 41, at 2.) According to the 2013 application, Plaintiff was born on January 7, 1981 to Linda Grant and Cyrus Powell. (*Id.*) The State Department subsequently asked Plaintiff for further documentation and told her that her 2013 application appears to be the second passport application made in Plaintiff's name. According to the State Department, in 2000, a person named "Nicole Shavasha Powell," born in the Bronx on January 7, 1981, to Cyrus and Linda Powell

This Court referred this matter to Magistrate Judge James C. Francis IV for a Report and Recommendation ("Report").[3] (ECF No. 10.) Defendants moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Defs.' Mot. for Summ. J., ECF No. 24; Mem. of Law in Supp. of Mot. for Summ. J., ECF No. 25.) Before this Court is Magistrate Judge Francis's Report recommending that this Court grant Defendants' Motion for Summary Judgment. (*See* Report, ECF No. 41, at 21.)

This Court may accept, reject, or modify, in whole or in part, the findings set forth in the Report. 28 U.S.C. § 636(b)(1)(C). When no party files objections to a Report, the Court may adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *Wilds v. United Parcel Service, Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) ("To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record.") (internal citations and quotation marks omitted). When there are objections to the Report, this Court must make a *de novo* determination as to the objected-to portions of the

---

applied for a passport. (*Id.* at 6 n.5.) The 2000 application "was itself flagged because the applicant was 'a suspect imposter.'" (*Id.* at 17.)

Various inconsistencies and information gaps in Plaintiff's supplemental documentation to her 2013 application led the State Department to open a criminal investigation for passport fraud. (*Id.* at 5.) After interviewing Plaintiff, the State Department closed the investigation but then, "for reasons that cannot be discerned from the redacted records," the Department re-opened the investigation. (*Id.* at 7.) At a second investigative interview, Plaintiff could not explain why many of the supplemental documents showed her birthday as January 7, 1980 instead of January 7, 1981. (*Id.* at 8.) The investigation report also references that Plaintiff's relatives stated Plaintiff was from Liberia, or from "Nigeria or another French-speaking or West African country." (*Id.*) Plaintiff, whose documentation states she was born in the Bronx, could not explain her relatives' statements. Because of these discrepancies, the investigator closed the case as "inconclusive as to the identity of the [plaintiff]." (*Id.* at 9.) Subsequently, her 2013 application was denied. (*Id.*)

[3] The relevant procedural and factual background is set forth in greater detail in the Report, and is incorporated herein. (*See Report*, at 2-9.)

Report. 28 U.S.C. § 636(b)(1)(C); *see also Rivera v. Barnhart*, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006).

Magistrate Judge Francis advised the parties that failure to file timely objections will preclude appellate review. (Report, at 21); see also *see also* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Plaintiff filed an untimely request for an extension of time to submit objections to the Report. (ECF No. 42.) Plaintiff later, by letter, raised what can be construed as objections to the Report on October 14, 2016. (ECF No. 44.)

*Pro se* submissions are read liberally and interpreted to "raise the strongest arguments that they suggest." (Report, at 9 (citing *Burgos v. Hopkins*, 14 F. 3d 787, 790 (2d Cir. 1994)).) However, a *pro se* party may not defeat a motion for summary judgment with "bald assertions, completely unsupported by evidence." (*Id.* (citing *Pointdujour v. Mt. Sinai Hosp.*, 121 F. App'x 895, 898 (2d Cir. 2005) (internal citation omitted)).) If a party makes "conclusory or general objections, or simply reiterates her original arguments, the Court reviews the report and recommendation only for clear error." *Silva v. Peninsula Hotel,* 509 F. Supp. 2d 364, 366 (S.D.N.Y. 2007). Accordingly, even a *pro se* party's objections must be specific and clearly aimed at particular findings in the Report, such that no party is allowed a "second bite at the apple" by merely relitigating a prior argument. *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (quotation omitted), *aff'd*, 367 F. App'x 210 (2d Cir. 2010).

Federal Rule of Civil Procedure 56 provides that summary judgment shall be granted where "there is no genuine dispute as to material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *accord Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012). Summary judgment is appropriate where, as here, a party seeks judicial review of agency

action. *Residents for Sane Trash Sol'ns, Inc. v. U.S. Army Corps of Eng'rs*, 31 F. Supp. 3d 571, 586 (S.D.N.Y. 2014).

The deferential standard under the APA for judicial review of agency action is well-established. A federal court must "hold unlawful and set aside" agency actions or decisions found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. §706(2)(A); *see also Cty. of Westchester v. U.S. Dep't of Housing and Urban Development*, 116 F. Supp. 3d 251, 277 (S.D.N.Y. 2015). The arbitrary and capricious standard is met when an agency 1) relied on factors Congress did not intend for it to consider; 2) failed to consider important factors of an issue; 3) made decisions contrary to the evidence they have; or 4) made decisions that are inexcusably implausible. *See Motor Vehicle Manufacturers Assoc. of the U.S., Inc. v. State Farm Mut. Automobile Ins. Co.*, 463 U.S. 29, 43 (1983). A reviewing court may not substitute its own reasoning for the agency's action if the agency itself has not given such reasoning. *See Natural Resources Defense Council v. EPA*, 658 F.3d 200, 215 (2d Cir. 2011) (quoting *State Farm*, 463 U.S. at 43). A federal court may also "uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned." *Id.* Although this standard is deferential, a reviewing court's "inquiry must be 'searching and careful[.]'" *Natural Audubon Soc'y v. Hoffman*, 132 F.3d 7, 14 (2d Cir. 1997) (quoting *Marsh v. Or. Natural Resources Council*, 490 U.S. 360, 378 (1989)).

Congress has authorized the State Department's employees to grant and issue passports when an applicant makes a true recital of each and every fact required by the law and applicable regulations at 22 C.F.R., Part 51. *See* 22 U.S.C. §§ 211a, 213; 22 C.F.R. §§ 51.23(b-c). Section 51.65 of the C.F.R. sets out the notice and appeals procedure when the State Department denies an application. (Report, at 14 (citing 22 C.F.R. §§ 51.65(a-b).) In summary, a passport applicant

bears the burden of proving her identity to the Department by a preponderance of the evidence with various government-issued documentation, witness affidavits, and "any such additional evidence as it deems necessary." 22 C.F.R §§ 51.23(b-c).

The Report properly held that the Department's decision to deny Plaintiff's passport application was neither arbitrary nor capricious. (Report, at 16.) The Report found that "the [Defendants'] path [to its decision] may reasonably be discerned," *Bowman Transp., Inc. v. Arkansas-Best Freight Sys., Inc.*, 419 U.S. 281, 286 (1974), despite having only an agency decision of "less than ideal clarity" underlying the denial of Plaintiff's passport application at its disposal. As the regulations place the burden of establishing identity through the submission of necessary documentation squarely upon Plaintiff, the "scraps of suspicion concerning [her] identity contained in the frustratingly muddled record cast sufficient doubt on [her] application" under the deferential arbitrary and capricious standard. (Report, at 16.)

Magistrate Judge Francis properly reviewed the administrative record and found Plaintiff's "inability to distance herself convincingly from the March 2000 application . . . undermine[d] the value of the documentation" submitted in support of her 2013 application. (*Id.* at 17.) Similarly, Magistrate Judge Francis properly found that the factual errors in the statements of Plaintiff's relatives and the contradictions with Plaintiff's own statements were also suspicious and cast further doubt on Plaintiff's application when Plaintiff failed to offer any explanation for those discrepancies. (*Id.*) When Defendants lawfully asked Plaintiff to provide supplemental documentation, her submissions were deficient, as Plaintiff could not account for the time between her birth and 1998. (*Id.* at 19.)

Accordingly, in light of this Court's limited role in reviewing the administrative record, and the legal framework controlling the Department of State's discretion in issuing passports,

this Court finds no clear error in the Report's conclusion that the Department of State's action was not arbitrary or capricious. (*Id.* at 20-21.)

Having reviewed Magistrate Judge Francis's Report, this Court adopts it in full. Defendants' Motion for Summary Judgment is GRANTED.

The Clerk of Court is directed to close the motion at ECF No. 24 and this action.

Dated: New York, New York
       January 10, 2017

JAN 1 1 2017

SO ORDERED.

GEORGE B. DANIELS
United States District Judge